IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **VISION BANK,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09-0442-CG-M |
| **ALAN J. SWINDALL,** | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on defendant's motion for leave to file third-party complaint (Doc. 8) and plaintiff's opposition thereto (Doc. 13). The court finds that defendant's proposed third-party claims do not comply with FED. R. CIV. P. 14. Therefore, defendant's motion is due to be denied.

This case arises from defendant's alleged failure to pay an indebtedness on a loan in the principal amount of $4,550,000. (Complaint, Doc. 1). The loan is allegedly secured by land located in Baldwin County, Alabama. (Doc. 1, ¶ 4). Defendant moves to file a third-party complaint against an entity that allegedly agreed to purchase[1] certain property located "on or near Bon Secour, Alabama."[2] (Doc. 8).

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice and establishes that "[a] defending party may, as third-party plaintiff, serve a summons and

---

[1] The proposed third-party complaint alleges that Oyster Bay Development, LLC elected to exercise an option to repurchase the property.

[2] Bon Secour is located in Baldwin County, Alabama.

complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED.R.CIV.P. 14(a)(1). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987). "An entirely separate claim, even one that arises out of the same set of facts, does not allow a third-party defendant to be impleaded." Coates v. CTB, Inc., 173 F.Supp.2d 1200, 1202 (M.D. Ala. 2001) (citing United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967).

In the instant case, the property involved in the third-party claim for breach of agreement is presumably the same property that secures the promissory note that is the subject of the complaint in this case. However, the third-party complaint does not allege that the third-party defendant is somehow secondarily liable to plaintiff or that the third-party's liability is in some way dependent upon defendant's liability to plaintiff. The third-party complaint appears to seek performance of a separate and distinct contract of which plaintiff is not a party. As such, the court finds that defendant's proposed third-party claims cannot be asserted in this action.

## CONCLUSION

For the reasons stated above, defendant's motion for leave to file third-party complaint (Doc. 8) is **DENIED**.

**DONE and ORDERED** this 28th day of September, 2009.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE