```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

VISION BANK,                       :
                                   :
    Plaintiff,                     :
                                   :
vs.                                :     CIVIL ACTION 09-0442-CG-M
                                   :
ALAN J. SWINDALL,                  :
                                   :
    Defendant.                     :

REPORT AND RECOMMENDATION

    The Motion to Dismiss or, in the Alternative, Motion for Change of Venue, filed by Defendant Alan J. Swindall (Doc. 6) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 pursuant to diversity jurisdiction.  After consideration, it is recommended that Defendant's motion be denied in its entirety (Doc. 6).

    The facts, very briefly, are as follows.  Plaintiff Vision Bank (hereinafter *Vision*) brought this action on July 20, 2009, asserting that it is the holder of a promissory note (hereinafter *note*) for a loan of $4,550,000.00 to Defendant which is secured by land located in Baldwin County, Alabama (Doc. 1, ¶ 4).  Vision asserts that Swindall has defaulted on the note (Doc. 1, ¶ 5).  Plaintiff seeks payment and an accounting of the loaned funds in bringing this action (Doc. 1).  Shortly after this action was brought, Defendant filed this Motion to Dismiss (Doc. 6).  Vision

has responded to the motion (Doc. 16) to which Swindall has replied (Doc. 19).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual

---

[1] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'"  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (citing *Twombley*, 550 U.S. at 556.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, — U.S. —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

Plaintiff brought this action, asserting diversity jurisdiction (Doc. 1).  The Court notes that a federal district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).  There is no apparent dispute that the amount in controversy exceeds $75,000; Swindall has not asserted otherwise (*see* Docs. 6, 19).

Swindall filed this Motion to Dismiss, asserting that this Court does not have jurisdiction over this matter because the parties are not diverse (Doc. 6).  More specifically, Defendant argues that the notes he executed were with an Alabama corporation and that Vision has not shown that the Alabama and Florida banks have legally merged under Alabama law (Doc. 6, ¶¶ 2-6).

Vision countered this argument by tendering the Affidavit of Joey W. Ginn, Chairman and Chief Executive Officer of Vision Bank in Florida and an authorized officer of Vision Bank in Alabama (Doc. 16, Ginn Affidavit).  Plaintiff has also proffered a copy of the Articles of Merger of Vision Alabama into Vision Florida, pursuant to the provisions of Ala. Code § 10-2B-11.05,[2] effective

---

[2]"§ 10-2B-11.05. Articles of merger or share exchange.

(a) After a plan of merger or share exchange is approved by the shareholders, or adopted by the board of directors if shareholder approval is not required, the surviving or acquiring corporation shall deliver to the Secretary of State for filing articles of merger or share exchange setting forth:
    (1) The plan of merger or share exchange;
    (2) If shareholder approval was not required, a statement to that

on the close of business on July 20, 2007; the Articles of Merger indicate that the surviving corporation will be governed by Florida law (Doc. 16, Exhibit 1B).  Vision also asserts that Ginn's execution of the Articles complies with Alabama 10-2B-1.20(f)(1)'s filing requirements.[3]

The Court has reviewed the cited law and finds that Vision has apparently complied with the Alabama requirements for merger. The Court further finds that Plaintiff has shown that the parties are diverse as Vision is incorporated under the laws of Florida (Doc. 16, Exhibit 1B, ¶ 3), with its principle place of business in Panama City, Florida (see Doc. 6, Exhibit B, Attachment to Articles of Merger, § 3), and Defendant is domiciled in Alabama (Doc. 6, Exhibit C [Swindall Affidavit]).  For these reasons, it is recommended that Defendant's Motion to Dismiss for lack of jurisdiction be denied.

---

effect;
 (3) If approval of the shareholders of one or more corporations party to the merger or share exchange was required:
  (i) The designation, number of outstanding shares, and number of votes entitled to be cast by each voting group entitled to vote separately on the plan as to each corporation; and
  (ii) Either the total number of votes cast for and against the plan by each voting group entitled to vote separately on the plan or the total number of undisputed votes cast for the plan separately by each voting group and a statement that the number cast for the plan by each voting group was sufficient for approval by that voting group; and
 (4) As to each domestic corporation, the county in which its articles of incorporation are filed.
(b) A merger or share exchange takes effect upon the effective date of the articles of merger or share exchange."

[3] "The document must be executed [b]y the chair of the board of directors of the domestic or foreign corporation, by its president, or by another of its officers."

Swindall has, in the alternative, motioned for a change of venue as he resides in Tallapoosa County, where he has lived for more than forty years (Doc. 6, Swindall Affidavit).  Defendant's residence is located in the Eastern Division of the Middle District of Alabama.  28 U.S.C. § 81(b)(3).

The federal statute governing venue states as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. 1391(a).  It would appear that venue in the Middle District of Alabama would not be improper based on Swindall's residence.  However, there are other things to consider.

The Court notes that the property which was used as security for the note is located in Baldwin County, Alabama (Doc. 1, ¶ 4; *see also* Doc. 16, Exhibit 1A, p. 1).  Payments on the note were to be made to a Foley, Alabama address, also located in Baldwin County and within the jurisdiction of this Court (*see* Doc. 16, Exhibit 1A).  As the transaction which gave rise to this action occurred in Baldwin County, the Court finds that venue is

appropriate in the Southern District of Alabama as well.

The Court finds that Defendant must have had some expectation of being brought to Court in the Southern District of Alabama when he entered into the Note secured by land in Baldwin County should a dispute arise between the parties.  Though this Court is not as convenient for Swindall as our sister Court may be, Plaintiff brought this action here; Vision's choice of venue should be honored as the selection is appropriate under § 1391(a).  Therefore, it is recommended that Defendant's Motion for Change of Venue be denied (Doc. 6).

In summary, it is recommended that Defendant's Motion to Dismiss or, in the Alternative, Motion for Change of Venue (Doc. 6) be denied in its entirety.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with

a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 21st day of October, 2009.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE