# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 09-0442-CG-M |
| ALAN J. SWINDALL, | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on plaintiff's request to dismiss count two without prejudice (Doc. 58), defendant's objection to dismissal of Count Two without prejudice (Doc. 60), defendant's motion to deduct value of the secured property (Doc. 61), plaintiff's motion for attorney's fees (Doc. 62), plaintiff's submission of evidentiary material regarding the amount of judgment (Doc. 63), and defendant's objection and dispute as to the judgment amount (Doc. 64).

**I. Dismissal of Count Two**

Count Two asserts a claim for accounting and inspection. (Doc. 1, ¶¶ 8-10). Defendant objects to the dismissal of count two being without prejudice. (Doc. 60). Since judgment will be entered in favor of plaintiff on count one, plaintiff has agreed to forgo pursuit of count two at this time. If plaintiff is unsuccessful in collecting on the judgment, it is possible plaintiff may want to pursue the claim at a future date. The claim has not been adjudicated, and the court finds it appropriate to dismiss the claim without prejudice as requested.

**II. Deduction of the Value of the Secured Property**

Defendant contends that the value of the secured property should be deducted from the amount he owes. (Doc. 61). However, as discussed in a previous order, under the terms of the contracts at issue and under the laws of Alabama, plaintiff has the right to seek money damages instead of foreclosure of the secured property.

> The mortgagee may pursue any course he pleases to collect the debt, whether it be a suit for a personal judgment against the debtor, or for damages against one who has wrongfully converted the mortgaged property, or otherwise destroyed his rights in it, or for a foreclosure. And he may do them all at the same time. But when he once collects his debt, by any one of those proceedings, or by a voluntary payment of it, he cannot pursue any other remedy. They are all but means to accomplish one purpose, and when that is accomplished, all the remedies, not used in so doing, are terminated.

Sloss-Sheffield Steel & Iron Co. v. Wilkes, 165 So. 764, 767 (Ala. 1936). Plaintiff has not foreclosed on the property and is not required to deduct the value of the secured property from the amount owed by defendant. Accordingly, the court will not deduct any appraised value of the property from the judgment amount.

**III. Amount of the Judgment**

Defendant contends that plaintiff charged interest of "9.5% and 8.5%, which is more interest than was owed." (Doc. 64-1). At summary judgment, the court found that the interest rates used by plaintiff were correct. Plaintiff stated at summary judgment that the balance owed as of April 20, 2010 was $4,208,469.78 and that interest would continue to accrue at a rate of 6.5% per annum. (Doc. 40, p. 4; Doc. 40-5, ¶ 7). Plaintiff asserts that $391,701.00 additional interest has accrued as of August 4, 2010. (Doc. 63-1, ¶ 7). However, by the court's calculations, at 6.5% the additional interest from April 20, 2010 to August 4, 2010 (106 days) would be

$79,455.89. An examination of the affidavits supporting these amounts reveals that, although in support of summary judgment plaintiff stated that $4,208,469.78 was owed <u>as of April 20, 2010</u> (Doc. 40-5, ¶ 7), it now states that that same amount was owed as of the date defendant defaulted, on or about <u>March 1, 2009</u> (Doc. 63-1, ¶ 7). The court finds a hearing is necessary to resolve the discrepancy between these two affidavits.

**IV. Attorneys' Fees**

Plaintiff submitted affidavits and supporting documents seeking $24,646.50 in attorneys' fees and requesting that it be permitted to file a supplemental request after all collection efforts have been completed. Under the note at issue, defendant agreed "to pay all costs of collection, replevin, or any other similar type of cost.." Plaintiff requests that the court reserve jurisdiction to rule on any such supplementary materials. Defendant's objection and dispute as to the judgment amount only mentions the amount of principal and interest owed. After reviewing plaintiff's motion, the court finds that the rates charged and number of hours expended are reasonable. However, the court does not find it appropriate to reserve jurisdiction over this case indefinitely. The court will reserve jurisdiction for the purpose of determining the amount of any additional costs of collection for one year.

## **CONCLUSION**

For the reasons stated above, is it hereby **ORDERED** as follows:

1. Plaintiff's request to dismiss count two without prejudice (Doc. 58), is **GRANTED**;

2. Defendant's motion to deduct value of the secured property (Doc. 61), is **DENIED**;

3.  Plaintiff's motion for attorney's fees (Doc. 62), is **GRANTED in part** to the extent that **$24,646.50** is awarded to plaintiff and the court will retain jurisdiction in this case for one year for the purpose of determining the amount of any additional costs of collection; and

4.  A **hearing** is set to determine the judgment amount for **November 3, 2010** at **9:00 a.m.**, to be held in Courtroom 2B, United States Courthouse, Mobile, Alabama.

    **DONE and ORDERED** this 20th day of September, 2010.

    /s/  Callie V. S. Granade
    UNITED STATES DISTRICT JUDGE